# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PRINCE F. RASHADA,

          Petitioner,

v.

MICHAEL WEISNER,

          Respondent.

Case No. 21-CV-292-JPS

**ORDER**

## 1.    INTRODUCTION

On March 5, 2021, Petitioner Prince F. Rashada ("Rashada") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

## 2.    FACTUAL BACKGROUND

On June 13, 2016, following a jury trial in Milwaukee County Case Number 2015CF005529,[1] Rashada was convicted of "1st Degree Child Sex Assault - Sexual Contact with Person under Age of 13" (Count One) and "1st Degree Child Sex Assault - Sexual Contact with Person under Age of 13" (Count Two).[2] Rashada was sentenced to concurrent sentences for each count, for a total term of 7 years of confinement and 7 years of extended supervision.[3]

---

[1] *State of Wisconsin vs. Prince F. Rashada*, Milwaukee Cnty. Case No., 2015CF005529, https://wcca.wicourts.gov/caseDetail.html?caseNo=2015CF005529&countyNo=40&index=0&mode=details (last visited Jan. 20, 2023).

[2] *Id.*

[3] *Id.*

Rashada filed two postconviction motions in the trial court. In one, he argued that the trial court had erred in not allowing *in camera* review of the victim's confidential medical and/or mental health records in violation of *State v. Shiffra*, 499 N.W.2d 719 (Wis. Ct. App. 1993), *abrogated by State v. Green*, 646 N.W.2d 298 (Wis. 2002). *State v. Rashada*, No. 2017AP2113-CR, 2018 WL 11430695, at *1 (Wis. Ct. App. Nov. 21, 2018). In the other, he argued for a new trial because his trial counsel was ineffective for failing to seek an *in camera* inspection of the victim's confidential medical and/or mental health records. *Id.* The trial court denied his motions, and Rashada appealed only as to the first motion. *Id.* ("Rashada appeals, challenging only the decision to deny an in camera review of [the victim's] records."). On November 21, 2018, the Wisconsin Court of Appeals summarily affirmed the trial court's judgment. *Id.* at *4.

Rashada appealed to the Supreme Court of Wisconsin. Rashada alleges that he filed his appeal himself because his attorney filed a no-merit petition with the court. According to Rashada, he raised additional grounds for the first time in this petition for review, namely that (1) his post-conviction counsel was ineffective for not filing a motion to argue that his trial counsel was ineffective for failing to fully investigate his case; (2) his appellate counsel was ineffective for failing to raise the issue of insufficiency of the evidence against Rashada; (3) his appellate counsel was ineffective for failing to raise "meritorious issues centered on 'plain and structural errors' in appeal court;" and (4) post-conviction counsel was ineffective by not objecting the "surprise presentation of inexclupatory [sic]

evidence." ECF No. 1 at 3. The Supreme Court of Wisconsin denied review on March 14, 2019.[4] *State v. Rashada*, 927 N.W.2d 142 (Wis. 2019).

On April 22, 2019, Rashada filed a state motion for post-conviction relief. Rashada claims that he raised the same four grounds as in his first trip to the Wisconsin Supreme Court. ECF No. 1 at 5. On April 23, 2019, the trial court denied this petition.[5] On October 2, 2019, it appears that Rashada took this matter to the Wisconsin Court of Appeals via a habeas petition, and that court denied the petition, *ex parte*, on October 22, 2020; the court entered an order of remittitur on December 7, 2020.[6] Rashada did not appeal the matter to the Wisconsin Supreme Court.

Now, Rashada seeks habeas relief on these same four grounds. ECF No. 1. He also adds a new ground: "no treatment required based on STATIC-99R evaluated by Dr. J. Schewda in which this evidence was absence during trial." *Id.* at 10–11.

3. ANALYSIS

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do

---

[4]For purposes of habeas petitions, a final order is considered entered on the date of remittitur. *Austin v. Novak*, No. 14-CV-0608-BHL, 2021 WL 1531568, at *2 (E.D. Wis. Apr. 19, 2021).

[5]*Id.*

[6]*Prince F. Rashada v. Randall R. Hepp*, Wis. App. Ct. Case No. 2019AP001854 - W, https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2019AP001854&cacheId=345E2812 35356B2818788F5B92919793&recordCount=1&offset=0&linkOnlyToForm=false&sortDirec tion=DESC (last visited Jan. 20, 2023).

not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

**3.1** **Timeliness**

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Wisconsin Supreme Court denied Rashada's direct-appeal petition for review on March 14, 2019. Rashada did not seek certiorari with the U.S. Supreme Court. Thus, his judgment became final ninety days later, on June 12, 2019. Rashada then had one year in which to file his petition (i.e., until June 12, 2020). Rashada did not file his federal petition until March 5, 2021.

Importantly, however, the time during which his state post-conviction matters pended is tolled of purposes of filing a federal habeas petition. Rashada filed his post-conviction motion on April 22, 2019. The trial court denied it the next day. Thus, Rashada received the benefit of one tolled day. On October 2, 2019, Rashada sought habeas relief from the

Page 4 of 10
Case 2:21-cv-00292-JPS   Filed 01/20/23   Page 4 of 10   Document 4

Wisconsin Court of Appeals. That petition was not resolved until December 7, 2020, when the court entered an order of remittitur. In total, 433 days of his statutory period is tolled. Thus, Rashada had until August 19, 2021 to file his federal habeas petition. His petition is timely.

### 3.2 Exhaustion and Procedural Default

A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972). In Wisconsin, this means presentation of all federal claims subject to the habeas petition must have been made to the Wisconsin Supreme Court. *Grady v. Cooper*, 511 F. Supp. 3d 918, 930 (E.D. Wis. 2021).

Based on the record before the Court, it appears that the Wisconsin Supreme Court was not given the proper opportunity to review any of Rashada's present grounds for relief. Claims of ineffective post-conviction and appellate counsel, too, must be raised "through one full round of state court review." *Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014). On his first trip to the Wisconsin Supreme Court, Rashada raised four grounds *for the first time* on petition to the court. Grounds raised for the first time within

an appeal are not considered reviewable. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Next, Rashada never appealed his state habeas petition, which raised those same four grounds, to the Wisconsin Supreme Court. Finally, Rashada's fifth ground is newly raised in the instant Section 2254 petition.

However, Rashada's time to appeal the Wisconsin Court of Appeals' December 7, 2020 decision had passed before he filed his federal habeas petition. Wis. Stat. § 808.10 (a petition for review with the Wisconsin Supreme Court must be filed within 30 days of the Wisconsin Court of Appeals' decision). "Once that deadline passed, seeking review in the Wisconsin Supreme Court no longer was a remedy available to the petitioner." *Grady*, 511 F. Supp. 3d at 930. "[A]t that point, this state-court remedy technically was exhausted because it was unavailable, 'regardless of the reason for [its] unavailability.'" *Id.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006)). Thus, Rashada's first through fourth grounds are "technically" exhausted, though his fifth ground is unexhausted.

As to Rashada's first through fourth grounds, "if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal . . . exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court." *Ngo*, 548 U.S. at 93. Instead, to "avoid th[e] result of . . . a prisoner evad[ing] the exhaustion requirement—and thereby undercut[ting] the values that it serves—by 'letting the time run' on state remedies," courts ask "not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (emphasis in

original). Proper exhaustion requires a habeas petitioner to "fairly present[] his claims to the state courts." *Id.*

"To fairly present his federal claim, a petitioner must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson*, 745 F.3d at 268–69. Rashada has not done so. Under these circumstances, courts "require a prisoner to demonstrate cause for his state-court default . . . and prejudice therefrom, before the federal habeas court will consider the merits of the claim," or that the court's "failure to review his federal claim will result in a fundamental miscarriage of justice." *Grady*, 511 F. Supp. 3d at 918 (citations omitted).

Based on the posture of this case, where Rashada's procedural default as to his first through fourth grounds involves an apparent failure to have fairly presented his claims to the state courts, the Court will give Rashada a chance to show cause as to why this action should not be dismissed, in accordance with the standard set forth above. Rashada has until **February 10, 2023** to do so. If Rashada does not do so, the Court will dismiss his first through fourth grounds. Because any subsequent federal habeas petition would now be time-barred, as the pendency of a federal habeas petition does not toll the limitations period, the dismissal will operate with prejudice. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001); *Pliler v. Ford*, 542 U.S. 225, 230–31 (2004).

In the same filing, Rashada should indicate how he wishes to move forward with his unexhausted fifth ground. "[A] district court faced with a mixed petition has discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his

perfected petition." BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9C:70, 1383 (2019 ed.) (citing *Rhines v. Weber*, 544 U.S. 269, 275–77 (2005)). But "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims." *Rhines*, 544 U.S. at 277. As an alternative to stay and abeyance, the district court can allow the petitioner to simply remove the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *Id.* at 279. As discussed, dismissal of Rashada's fifth ground would do so here, as any subsequent habeas petition would be time-barred.

Rashada has not explained his failure to exhaust his fifth ground. The Court will therefore give Rashada a choice. He may either withdraw his fifth ground, or he may request that the Court stay his case and hold the petition in abeyance while he exhausts his fifth ground. If Rashada chooses to request a stay and abeyance, he must show good cause for the stay. *Rhines* at 277. "This requires him to show that: (1) there is good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are potentially meritorious, and (3) the petitioner did not engage in intentionally dilatory litigation tactics." *Glass v. Eckstein*, No. 14-CV-1306-LA, 2016 WL 1183120, at *2 (E.D. Wis. Mar. 28, 2016) (citations omitted). Then, if the Court determines Rashada has shown good cause, he must properly raise those claims in the Wisconsin courts. If Rashada does not do so, the Court will dismiss the fifth ground. Because any subsequent federal habeas petition would now be time-barred, as the pendency of a federal habeas petition does not toll the limitations period, the dismissal

will operate with prejudice. *Duncan*, 533 U.S. at 181–82 (2001); *Pliler*, 542 U.S. at 230–31.

**4.  CONCLUSION**

Rashada did not fairly present the first through fourth grounds, and did not exhaust the fifth ground, of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Accordingly,

**IT IS ORDERED** that, by **February 10, 2023**, Petitioner Prince F. Rashada show cause as to why his first through fourth grounds for relief should not be dismissed, and indicate how he wishes to move forward with his fifth ground for relief, in accordance with the terms of this Order.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.